J-S03026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NORMAN T. STEWARD | : | |
| | : | |
| Appellant | : | No. 1634 EDA 2022 |

Appeal from the PCRA Order Entered June 9, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002043-2006

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED MAY 10, 2023**

Normand Steward (Appellant) appeals *pro se* from the June 9, 2022, order entered in the Lehigh County Court of Common Pleas, which denied his serial petition for relief under the Post Conviction Relief Act (PCRA),[1] without a hearing.  Appellant seeks relief from the judgment of sentence of life imprisonment without the possibility of parole, imposed on November 15, 2007, following his jury convictions of second-degree murder, robbery, and conspiracy to commit robbery.[2]  On appeal, Appellant raises several claims regarding ineffective assistance of counsel and prosecutorial misconduct. Because we conclude Appellant's PCRA petition was filed in an untimely

_____

[1] 42 Pa.C.S. § 9541-9546.

[2] 18 Pa.C.S. §§ 2502(b), 3701(a)(1)(i), and 903(a)(1) respectively.

manner and he failed to plead and prove that any of the exceptions to the PCRA's jurisdictional time-bar applied, we affirm.

The pertinent facts and prolonged procedural history are as follows. Appellant's convictions stem from the shooting death of Michelle Vasquez on July 31, 2005, at the victim's apartment building in Allentown, Pennsylvania. On October 24, 2007, a jury found Appellant guilty of the above-stated crimes.[3]  ***See*** Verdict Slip, 10/25/07, at 1-2 (unpaginated).  On November 15, 2007, the trial court imposed the following concurrent sentences: (1) life imprisonment with parole for the murder conviction; (2) six to 12 years for the robbery offense; and (3) five to ten years for conspiracy conviction. Appellant filed timely post sentence-motions,[4] which the trial court denied on April 14, 2008.  Appellant filed a direct appeal, and a panel of this Court affirmed his judgment of sentence on August 13, 2010.  ***See Commonwealth v. Steward***, 1293 EDA 2008 (Pa. Super. Aug. 13, 2010).

On May 2, 2011, Appellant filed a *pro se* PCRA petition, requesting permission to file a petition for allowance of appeal (PAA) *nunc pro tunc* with

_____

[3] The jury found Appellant not guilty of criminal conspiracy to commit murder. ***See*** Verdict Slip at 2 (unpaginated).

[4] In his post-sentence motions, Appellant raised, *inter alia*, claims that there was insufficient evidence to support his convictions, the verdict was against the weight of the evidence, and that the trial court improperly admitted certain testimony and evidence.  ***See*** Appellant's Post-Sentence Motions, 11/26/07, at 1-6.

the Pennsylvania Supreme Court. Counsel was appointed, who then filed an amended PCRA petition. The PCRA court granted Appellant relief and permitted him to file a PAA *nunc pro tunc* with the Supreme Court. *See* Order, 3/26/12. On April 25, 2012, Appellant filed a PAA seeking discretionary review with the Supreme Court.[5] *See* Trial Ct. Op., 9/9/22, at 2. The Supreme Court denied the petition on March 1, 2013. *See Commonwealth v. Steward*, 330 MAL 2012 (Pa. March 1, 2013).

The case went dormant for several years until August 27, 2019, when Appellant filed a *pro se* PCRA petition.[6] On September 10, 2019, the PCRA court treated the filing as a second PCRA petition and issued notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss the petition without conducting an evidentiary hearing. Appellant filed a *pro se* response. On October 9, 2019, the court denied his petition. *See* Order, 10/9/19, at 1-2 (unpaginated). Appellant subsequently appealed.

While this appeal was pending, Appellant filed a "Petition of Newly D[i]scovered Evidence." *See* Petition of Newly Discovered Evidence, 3/24/20, at 1-4. In the petition, Appellant alleged that the Commonwealth failed to

---

[5] We note that this petition was not included in the certified record.

[6] Appellant made evidentiary claims regarding the testimony of witnesses that were presented at trial. *See* Appellant's PCRA Petition, 8/27/19, at 4. He insisted that he was eligible for relief because he was mentally incompetent and had been admitted to a psychiatric hospital. *Id.* at 3.

provide him with evidence concerning the chain of custody that would have helped his defense at trial, and the Commonwealth improperly withheld that information. *See id.* at 1-2. The PCRA court treated this document as a PCRA petition and denied it as "untimely." Order, 4/7/20, at 1 n.1 (unpaginated). Additionally, the court stated that "even if the [c]ourt was inclined to respond to this [p]etition, this [c]ourt's denial of [Appellant 2019 PCRA petition], which raises substantially the same issues, is currently under review by" this Court, and therefore, it did "not have jurisdiction to consider" the petition. *Id.*

In May 2020, Appellant filed a response[7] to the PCRA court's April 7, 2020, order, which the court again treated as a PCRA petition and dismissed on May 6, 2020, stating that Appellant's first PCRA petition was still pending on appeal and therefore, it did not have the jurisdiction to review the matter. *See* Order, 5/6/20, at 1 n.1 (unpaginated). Appellant filed an appeal, but the PCRA court "did not take immediate action to address the appeal." *See Commonwealth v. Steward*, 1210 EDA 2020 (Pa. Super. Dec. 21, 2021) (unpub. memo. at 3).

Turning back to the appeal concerning Appellant's 2019 petition, a panel of this Court vacated the PCRA court's October 9, 2019, order "and remanded the matter for the appointment of counsel and further proceedings pursuant

---

[7] Appellant raised similar allegations to those in his "Petition of Newly Discovered Evidence." *See* Appellant's Response to PCRA Court's April 7, 2020, Order, 5/1/20, at 1-2.

to the PCRA." ***See Commonwealth v. Steward***, 3009 EDA 2019 (Pa. Super. June 22, 2020) (unpub. memo. at 1). The panel explained:

> [T]he PCRA court determined that this is [A]ppellant's second PCRA petition. That conclusion, however, is erroneous. When the PCRA court granted the relief that [A]ppellant requested in his PCRA, which was [a] reinstatement of his right to seek discretionary review with our [S]upreme [C]ourt with respect to his direct appeal, that reset[s] the clock for the calculation of the finality of [A]ppellant's judgment of sentence for PCRA purposes. ***See Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008) (determining that where a successful PCRA petition neither restores petitioner's direct appeal rights nor disturbs the conviction, clock is not reset for the calculation of judgment of sentence for PCRA purposes). As such, the instant petition must be deemed [A]ppellant's first PCRA petition.

***Steward***, 3009 EDA 2019 (unpub. memo. at 1) (record citation omitted). The panel further determined that Appellant was entitled to have counsel appointed to represent him for his first PCRA petition, even if the petition was facially untimely. ***See Steward***, 3009 EDA 2019 (unpub. memo. at 5).

Following this Court's decision, the PCRA court appointed Matthew Rapa, Esquire, to represent Appellant. The assigned PCRA court judge then retired before taking any action regarding Appellant's 2020 PCRA petition. The case was assigned to a new judge, who only addressed Appellant's 2019 PCRA petition.

On October 1, 2020, Attorney Rapa submitted a motion to withdraw as counsel and a "no-merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. 1988). Counsel averred that Appellant's PCRA petition was "untimely, and

therefore, the [PCRA] court is without jurisdiction to hear [his] claims." Motion to Withdraw as Counsel, 10/1/20, at 1 (unpaginated).[8] "The PCRA court held a hearing on the timeliness of Appellant's first petition and, afterwards, allowed counsel to withdraw." *Steward*, 1210 EDA 2020 (unpub. memo. at 4). Thereafter, on February 10, 2021, the court denied Appellant's 2019 PCRA petition, and Appellant did not appeal that decision.[9]

Subsequently, on December 15, 2021, a panel of this Court affirmed the PCRA court's May 6, 2020, order, which disposed of Appellant's outstanding 2020 PCRA petition. *See Steward*, 1210 EDA 2020 (unpub. memo. at 1). The panel determined:

> Appellant continue[d] to argue issues that were the subject of his first PCRA petition, which PCRA counsel addressed in his no-merit letter, and which was ultimately denied as untimely by the PCRA

---

[8] In Attorney Rapa's "no-merit" letter, he observed that "the only possible exception [Appellant] raised to the one-year time period for filing a PCRA pertain[ed] to after-discovered facts or evidence." Motion to Withdraw as Counsel at Exhibit A, October 1, 2020, "No-Merit" Letter at 2 (unpaginated). Nevertheless, after reviewing the evidence and allegations, Attorney Rapa concluded that Appellant failed to meet his burden in establishing that this exception applied. *Id.* at 3-4.

[9] During this time, Appellant filed a document titled, Motion for Counsel and Relief. *See* Appellant's Motion for Counsel and Relief, 12/7/20, at 1-8. The PCRA court denied this motion on January 8, 2021, explaining that the appointed counsel, Attorney Rapa, was permitted to withdraw from representation of Appellant on his PCRA motion. *See* Order, 1/7/21. Appellant appealed the denial of that motion on January 26, 2021. The PCRA court dismissed Appellant's notice of appeal because it was an interlocutory appeal, that was not appealable as of right, and it made no determination that an immediate appeal would facilitate resolution of the entire case. *See* Order, 2/9/21, at 2, n. 1.

court on February 10, 2021. Instead, the instant appeal, filed long before the PCRA court rendered its February 10, 2021[,] decision, pertains solely to the May 6, 2020[,] order dismissing Appellant's third PCRA petition due to a lack of subject matter jurisdiction.

It is well-established that "a PCRA court may not entertain a new PCRA petition when a prior petition is still under appellate review and, thus, is not final." **Commonwealth v. Montgomery**, 181 A.3d 359, 364-65 (Pa. Super. 2018) (*en banc*) (citing **Commonwealth v. Porter**, 35 A.3d 4 (Pa. 2012)). Accordingly, the PCRA court correctly noted that it lacked jurisdiction to consider a serial PCRA petition until the first appeal concluded. **See Montgomery**, **supra** at 364-65. We find that the PCRA court did not err when it dismissed Appellant's third PCRA petition due to the absence of subject-matter jurisdiction.

**See id.** (unpub. memo. at 5-6). Appellant did not file a PAA with the Pennsylvania Supreme Court.

Instead, on April 29, 2022, Appellant filed another *pro se* PCRA petition, which is the subject of the present appeal. In his petition, Appellant raised several allegations of trial counsel's ineffectiveness and prosecutorial misconduct. **See** Appellant's PCRA Petition, 4/29/22, at 4A-4E.

On May 5, 2022, the PCRA court issued a Rule 907 notice. Appellant filed a *pro se* response on June 1, 2022. Eight days later, the PCRA court denied Appellant's petition as untimely filed. This *pro se* appeal followed.[10]

Appellant raises the following issues for our review:

---

[10] On July 18, 2022, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), to which Appellant complied. On September 9, 2022, the PCRA court filed an opinion stating that its May 5, 2022, Rule 907 Notice order adequately addressed Appellant's concise statement. **See** PCRA Ct. Op., 9/9/22., at 3.

- 7 -

A) Trial Counsel was ineffective for not submitting to the jury the record of [the] victim['s] cellphone that was on her person when found. The cellphone records [proved] that she was alive over an hour pas[t] the time witness Nathan Petruska stated [Appellant] confessed to him. [This means] Petrusa has to be lying about the confession at 12 to [one] o[']clock when the cellphone records show on [the] night of [the] crime [that] the victim had a[n] active phone call at around [two] o[']clock [in the morning].

B) Trial Counsel was ineffective for not objecting to the admission of testimony of [the] recovered firearm to the crime without the actual [firearm] being turned over to the Commonwealth by witnesses. Meaning their testimony was [h]earsay which is inadmissible, doing nothing but being prejudicial to a fair trial.

C) Trial [C]ounsel was ineffective for not objecting to the testimony of Jarret Hursh denying the truth of his [out-of-court] statement giving a new version of what happened[,] inculpating [Appellant,] which is inadmissible [ ] due to the fact the prejudicial [effect outweighed] the probative [value] which [would result in the] automatic retrial of the entire case. [*See*] [*Commonwealth*] *v. Wright*, 321 A.2d 625 [(Pa. 1974).]

D) Trial [C]ounsel was ineffective for not bringing to the jury[']s attention that Petruska and [Appellant were] not friends but [in fact] had a fall out by Petruska then [Girlfriend] Daniel Corcoran while on the stand[,] which would discredit Petruska to be telling the truth that he and [Appellant were] friends and [Appellant confessed] to him.

E) Prosecution committed a misconduct when submitting to the jury all [t]estimony of recovered [firearm] to the crime and no gun in evidence[,] this is [v]ouching which is a misconduct.

Appellant's Brief at 1-3 (grammatical errors in original; some spacing & paragraph breaks omitted).

The standard by which we review PCRA petitions is well settled:

Our standard of review in a PCRA appeal requires us to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. The scope of our review is limited to the findings of the

- 8 -

> PCRA court and the evidence of record, which we view in the light
> most favorable to the party who prevailed before that court. . . .
> The PCRA court's factual findings and credibility determinations,
> when supported by the record, are binding upon this Court.

***Commonwealth v. Small***, 238 A.3d 1267, 1280 (Pa. Super. 2020).

Before we may address the merits of Appellant's argument, we must

determine if his PCRA petition was properly filed. It is undisputed that:

> The timeliness of a PCRA petition is a jurisdictional requisite.
> [T]he PCRA time limitations implicate our jurisdiction and may not
> be altered or disregarded in order to address the merits of the
> petition. In other words, Pennsylvania law makes clear no court
> has jurisdiction to hear an untimely PCRA petition.

***Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa. Super. 2019)

(emphasis, citations, & quotation marks omitted).

Accordingly,

> [a] PCRA petition is timely if it is filed within one year of the date
> the judgment of sentence becomes final. A judgment becomes
> final at the conclusion of direct review, including discretionary
> review in the Supreme Court of the United States and the
> Supreme Court of Pennsylvania, or at the expiration of time for
> seeking the review.

***Commonwealth v. Montgomery***, 181 A.3d 359, 365 (Pa. Super. 2018)

(citations & quotation marks omitted).

Here, Appellant's judgment of sentence became final on May 30, 2013,

90 days after the Pennsylvania Supreme Court denied his PAA *nunc pro tunc*,

and the time for filing a petition to the United States Supreme Court for a *writ*

*of certiorari* expired. ***See*** 42 Pa.C.S. §9545(b)(3); U.S. Sup. Ct. R. 13.1 ("[A]

petition for a *writ of certiorari* to review a judgment in any case, . . . is timely

when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). Appellant generally had one year, or until May 30, 2014, to file a PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). Accordingly, his petition — filed more than seven years late — is facially untimely.

Nevertheless, we may still consider an untimely petition if a petitioner: (1) alleges and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i) to (iii); and (2) files a petition raising the exception within one year of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2). The three time-for-filing exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). It is the appellant's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

Here, the PCRA court found Appellant's petition was untimely and dismissed it. *See* Rule 907 Notice Order, 5/5/22, at 2; *see also* Order, 9/9/22. The court stated:

[T]he petition will [only] be entertained [if] a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred; it further appearing that [Appellant] has failed to establish a *prima facie* showing that the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged; it further appearing that [Appellant]is attempting to relitigate the claims decided[.]

Rule 907 Notice Order, 5/5/22, at 2 (footnotes & quotation marks omitted).

We agree with the court's conclusions. A review of Appellant's brief reveals he fails to address, or even dispute, the untimeliness of his PCRA petition. **See** Appellant's Brief at 1-5. Instead, he focuses on substantive claims of ineffective assistance of trial counsel and prosecutorial misconduct. **See id.** at 1-3. He also maintains his actual innocence, disputing evidence that was presented at his 2007 trial. **See id.** at 4-5. Accordingly, Appellant has not proved, or even asserted, that his claims meet any of the timeliness exceptions.

Moreover, as the PCRA court recognizes, since this is Appellant's fourth PCRA petition, he bears a higher burden in seeking PCRA relief. **See** Order, 5/5/22, at 2 The Pennsylvania Supreme Court has previously stated:

A second or subsequent petition for post-conviction relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred. A *prima facie* showing of entitlement to relief is made only by demonstrating either that the proceedings which resulted in conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or the defendant's innocence of the crimes for which he was charged.

***Commonwealth v. Ali***, 86 A.3d 173, 176-77 (Pa. 2014) (citations omitted).

Here, Appellant's arguments fail to demonstrate that "a miscarriage of justice may have occurred." ***Id.*** at 176. As such, we conclude the PCRA court lacked jurisdiction to review the petition and it properly denied relief.[11] ***See Montgomery***, 181 A.3d at 365.

Order affirmed. Jurisdiction relinquished.

---

[11] It merits mention that

> although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citations omitted).

Here, Appellant's brief violates the Rules of Appellate Procedure by failing to include a statement of jurisdiction, a statement of both the scope and standard of review, a statement of the case, and a summary of the argument. ***See*** Pa.R.A.P. 2111(a), 2114, 2117-2118. Moreover, the argument section of his brief consists of one sentence: "All claims therein are miscarriages of justice and shall be heard." Appellant's Brief at 4. To extent that Appellant raises challenges in the "Claims" section of his brief, these arguments are simply bald assertions with no citations to legal authority and reference to the record. ***See*** Pa.R.A.P. 2119(b)-(c). Accordingly, even if we were to conclude that Appellant's petition was timely filed, we would find the appeal quashed or dismissed for failure to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***See Lyons***, 833 A.2d at 251-52.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2023